IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 6:99cr70054-4 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| ANDRE RICARDO DAVIS, | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Petitioner Andre Ricardo Davis, a federal inmate proceeding *pro se,* filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, or, alternatively, for relief under 28 U.S.C. § 2241 or under the writs of error *coram nobis* and *audita querela*. Davis claims that his 240-month sentence for conspiring to distribute cocaine base was improperly enhanced pursuant to 21 U.S.C § 851. The government has filed a motion to dismiss and the time period for Davis to respond has expired; thus, this matter is ripe for consideration. I conclude that Davis's petition is untimely filed. Therefore, I will grant the government's motion to dismiss.

I.

On July 20, 1999, Davis was charged in a 16-count indictment handed down by a federal grand jury sitting in Roanoke, Virginia. On September 10, 1999, the government filed an Information under § 851 to enhance the punishment based on a prior felony drug conviction, specifically possession of cocaine with the intent to distribute, with a conviction date of October 22, 1993.[1] The government superseded the indictment on February 16, 2000. On March 23, 2000, Davis entered into a plea agreement whereby he would plead guilty to Count One of the indictment. Count One alleged that from January 1993 through July 23, 1999, Davis conspired

---

[1] The government's motion to dismiss states that the government filed an Information under § 851 based on two prior felony drug convictions; however, I note that the Information filed with the court lists only one felony drug conviction, specifically the October 22, 1993 conviction.

to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. On April 10, 2000, a plea agreement was filed with the court pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and was fully endorsed by Davis, his counsel, and the Assistant United States Attorney. The plea agreement stated:[2]

> Because I committed this offense after having been previously convicted of a felony drug offense, Count One of the Superseding Indictment carries a maximum penalty of an $8,000,000 fine and life imprisonment, together with a period of supervised release. There is a mandatory minimum of twenty years imprisonment with regard to that count.
>
> (. . .)
>
> My attorney, Marc Small, Esq., has informed me of the nature of this charge and the elements of the charge which must be proved by the Government beyond a reasonable doubt before I could be found guilty as charged.

On April 10, 2000, I accepted Davis's plea of guilty.

On July 7, 2000, I conducted Davis's sentencing hearing. Davis was present with counsel. I adopted the presentence report ("PSR"), which found that the guideline sentence was that same as the statutorily required minimum sentence of 240 months.[3] U.S.S.G. § 5G1.1(b). I imposed a sentence of 240-months imprisonment. Davis did not appeal.

## II.

Davis filed his § 2255 motion on January 27, 2014, claiming that his § 851 enhancement was improper because the predicate conviction from 1993 was "part of the same common scheme and plan of the conspiracy." Davis further claims that the government failed to properly file notice of the enhancement and failed to provide Davis with a copy of the Information

---

[2] The plea agreement further stated, "I further waive any right I may have to collaterally attack any sentence imposed in any future proceeding, including but not limited to my rights, if any, under 28 US.C. § 2255."

[3] The PSR noted that, based on Davis's total offense level of 31 and a criminal history category of III, the guideline range for imprisonment was 135 to 168 months. U.S.S.G. Chapter 5, Part A. However, where, as in Davis's case, the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. U.S.S.G. § 5G1.1(b). Thus, the guideline sentence in this case was 240 months.

seeking to enhance his statutory minimum. The government argues that Davis's § 2255 claim is untimely filed.

### III.

A federal prisoner must file his § 2255 petition within one year of the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Davis argues that his § 2255 petition is timely because he is "actually innocent" of his enhanced sentence under § 851. In the alternative, Davis seeks to challenge his sentence pursuant to: (1) Federal Rule of Civil Procedure 60; (2) 28 U.S.C. § 2241; (3) a writ of error *audita querela*; or (4) a writ of error c*oram nobis*. As discussed below, Davis's claims are barred by the one-year limitation period set forth in § 2255, and he is not entitled to attack his sentence using any of the proposed alternatives. Accordingly, Davis's petition is untimely filed and will be dismissed.

    A. **Actual Innocence**

Davis argues that his claims are timely because he is "actual[ly] innocent" of his enhanced sentence under § 851, and "there is no time limit on actual innocen[ce] claims." Actual innocence can serve "as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations." *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). However, because Davis has not

3

demonstrated factual innocence of the predicate crime used to enhance his sentence, Davis cannot demonstrate actual innocence of the enhanced sentence under § 851.[4] *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.") (citing *United States v. Maybeck*, 23 F.3d 888, 894 (4th Cir. 1994)). Accordingly, Davis's timeliness argument has no merit.[5]

Therefore, the one-year clock for Davis to file his § 2255 petition began to run on July 21, 2000, the date on which the judgment of his conviction became final. Davis's petition is untimely because he filed it nearly fourteen years later, on January 27, 2014. Furthermore, Davis does not demonstrate any grounds to support a claim for equitable tolling.[6]

### B. Federal Rule of Civil Procedure 60

In the alternative, Davis argues that he is entitled to challenge his conviction under Federal Rule of Civil Procedure Rule 60. However, Rule 60(b) is not applicable to Davis's claims. Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of

---

[4] Davis does not allege that he was factually innocent of the predicate offense, possession of cocaine with the intent to distribute, with a conviction date of October 22, 1993.

[5] I further note that Davis provides no evidence to support his contention that he did not receive a copy of either the § 851 Information or the PSR, and was unaware of the predicate conviction the government intended to use for a sentence enhancement. Indeed, the government filed the § 851 Information identifying the predicate conviction on September 10, 1999, seven months prior to Davis's plea hearing on April 10, 2000. Moreover, both the plea agreement, which Davis signed, and the PSR specifically stated that a 240-month mandatory minimum sentence applied because of a predicate felony drug offense.

[6] To warrant equitable tolling, the defendant must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (en banc). Davis makes no attempt to explain his almost 14-year delay in filing this motion. Thus, Davis does not demonstrate any grounds to support a claim for equitable tolling.

4

his case, under a limited set of circumstances including fraud, mistake, if the judgment is void, and newly discovered evidence.[7] Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Davis cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005) in support of his argument. However, in *Gonzalez* the United States Supreme Court held that a party may seek relief under Rule 60(b) from a final judgment only under a limited set of circumstances, which do not apply here.[8] 545 U.S. at 534-35. Moreover, pursuant to Rule 60(c), "a motion for relief under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding." Davis provides no explanation for his 14-year delay in filing this motion. In addition, relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances," which Davis has not shown. *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000) (citing *Ackerman v. United States,* 340 U.S. 193, 199, 202, (1950)). Finally, using Rule 60(b) as an alternative argument for relief in a § 2255 motion is not proper. Rule 60(b) is not a vehicle for re-litigating claims brought by the petitioner in his § 2255 petition. *See United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). Accordingly, Davis's claims pursuant to Rule 60 will be dismissed.

---

[7] Davis does not clearly specify the provision under which he brings his motion, instead he makes a general references to Rule 60. However, "[a] document filed *pro se* is 'to be liberally construed,'" no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[8] The Supreme Court noted that "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez*, 545 U.S. at 534. The Court then listed the following as examples of that role (1) to relieve parties from the effect of a default judgment mistakenly entered against them; and (2) to preserve parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction. *Id.*

5

## C. Section 2241

Davis seeks alternative relief under § 2241. However, while both § 2241 and § 2255 offer a means for a federal prisoner to challenge his detention, the two sections are not interchangeable. A federal prisoner should use § 2255 to challenge his conviction or the imposition of his sentence.[9] *See Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *see In re Jones*, 226 F.3d 328, 332-33 (4th Cir. 2000). In contrast, § 2241 is the proper vehicle for challenging the execution of a sentence.[10] *Adams*, 372 F.3d at 135; *see In re Jones*, 226 F.3d at 332-33.

A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has stated that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[9] Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the United States Constitution or the laws of the United States; (2) was entered by a court without jurisdiction to impose the sentence; (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255.

[10] In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated. *See Adams*, 372 F.3d at 135.

6

*Id.* at 333-34. Davis is challenging his sentence as being improperly enhanced based on a prior felony drug conviction, and asks to be "released upon technicalities." Davis is not challenging the legality of his conviction. As noted previously, Davis does not claim that he was factually innocent of the predicate felony drug offense used to support the § 851 enhancement. Thus, because Davis is only challenging his sentence, he has failed to demonstrate that § 2255 is inadequate or ineffective. Accordingly, Davis's claims pursuant to § 2241 will be dismissed.

### D. Writ of Error *Coram Nobis*

Davis also seeks alternative relief through a writ of error *coram nobis*. "Federal courts have the authority to grant relief from a conviction via a writ of error *coram nobis* after the expiration of a sentence." *United States v. Bazuaye*, 399 F. App'x 822, 823-24 (4th Cir. 2010) (citing 28 U.S.C. § 1651 (2006)). However, the writ is an "extraordinary remedy" that should issue "only under circumstances compelling such action to achieve justice[,] [a]n error of the most fundamental character must have occurred to warrant issuing the writ, and no other remedy may be available." *Id.* at 824 (quoting *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)). Indeed, the Supreme Court has stated "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotations omitted). Further, a writ of error *coram nobis* is available only when the applicant is not incarcerated. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citations omitted). To be entitled to *coram nobis* relief, the petitioner must demonstrate that:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Bazuaye*, 399 F. App'x at 824 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). Davis's claim fails under the first condition because a more usual remedy is available; specifically a § 2255 motion. *See In re Jones*, 226 F.3d at 333. ("[Section] 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). However, even if a more usual remedy was not available, a writ of error *coram nobis* would not lie because Davis remains in federal custody. *Johnson,* 237 F.3d at 755. Accordingly, Davis's claims pursuant to a writ of error *coram nobis* will be dismissed.

### E. Writ of Error *Audita Querela*

In his final alternative claim for relief, Davis argues that is entitled to a writ of error *audita querela*. However, a writ of error *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a § 2255 motion. *In re Moore*, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002), and *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (noting that a defendant challenging the legality of his sentence who could raise his claim pursuant to § 2255 may not invoke *audita querela*)). Davis can challenge his sentence, albeit unsuccessfully, through a motion under § 2255. *See In re Jones*, 226 F.3d at 333. Accordingly, Davis's claims pursuant to a writ of error *audita querela* will be dismissed.

### IV.

For the reasons stated herein, I will grant the government's motion to dismiss.

ENTER: This \_\_7th\_\_ day of May, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE